# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-10684
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KENNETH PAIVA,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:23-CR-30-1

———————————————————————

Before GRAVES, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Kenneth Paiva pleaded guilty to assaulting a federal officer using a deadly or dangerous weapon and was sentenced to 175 months of imprisonment. On appeal, Paiva challenges the district court's application of a two-level sentencing enhancement under U.S.S.G. § 2A2.2(b)(1),

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

arguing that the district court erred in finding that his assault involved more than minimal planning.

Because Paiva preserved his challenge, we review the district court's interpretation and application of the Guidelines de novo and its findings of fact for clear error. *See United States v. Peterson*, 977 F.3d 381, 392 (5th Cir. 2020). Whether Paiva engaged in more than minimal planning under § 2A2.2(b)(1) is a question of fact reviewed under the clearly erroneous standard. *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id.*

The district court's determination that the assault involved more than minimal planning was plausible based on the record, which included evidence that Paiva fashioned a shiv, concealed it while in the yard where the assault occurred, and then provoked a confrontation with officers. The imposition of the enhancement was, therefore, not clearly erroneous. *See* U.S.S.G. § 2A2.2, comment. (n. 2); *Calbat*, 266 F.3d at 364.

Accordingly, the judgment of the district court is AFFIRMED.